# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**RONNIE NIXON, JR**                                                                                    **PLAINTIFF**

v.                                    Case No. 4:21-cv-00752 JM

**DIRECT EXPRESS**                                                                                    **DEFENDANT**

## ORDER

Plaintiff Ronnie Nixon's motion to proceed *in forma pauperis* (Doc. 1) is granted.[1] He reports that he lives on disability income. The law requires that the Court screen the Complaint.[2]

Nixon brings this civil rights action under 42 U.S.C. § 1983 alleging that Direct Express, the company with whom the United States Treasure contracts for direct deposits of social security benefits,[3] is unlawfully withholding his debit card. Specifically, Nixon alleges that he has paid shipping six times but still not received his card.

Federal courts are courts of limited jurisdiction, meaning they only have the authority to hear certain kinds of cases. This is called this subject-matter jurisdiction. Cases over which federal courts do not have subject-matter jurisdiction must be dismissed.[4] There are two basic types of subject-matter jurisdiction: diversity jurisdiction and federal-question jurisdiction. Neither exists here. So this case must be dismissed.

Diversity jurisdiction exists if the dispute is between "citizens of different states" and the

---

[1] *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

[2] 28 U.S.C. § 1915(e)(2).

[3] *Barnett v. Americom Bank*, 2014 WL 584794, *2 (E.D. AR. 2014) (noting "[i]n 2008, the United States Department of Treasury's Financial Management Service began a program whereby a recipient of Social Security benefits could receive benefits electronically onto a Direct Express Debit Mastercard.").

[4] FED. R. CIV. P. 12(h)(3).

amount in controversy exceeds $75,000.[5] Although Mr. Nixon alleges that he and Defendant are citizens of different states, he does not allege an amount in controversy. As a result, diversity has not been shown.

Federal question jurisdiction exists if the case arises "under the Constitution, laws, or treaties of the United States."[6] Here, Mr. Nixon asserts a claim under § 1983, which requires that he establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law.[7] Mr. Nixon has not identified a constitutional violation. Further, he does not allege, nor is it apparent, that Direct Express is a state actor. While private actors who perform traditional state functions may be sued under § 1983 if acting color of state law,[8] Mr. Nixon has not pleaded, nor can the Court find, any law supporting the premise that Direct Express is a state actor. Accordingly, Mr. Nixon has not pleaded sufficient facts to support a § 1983 claim; therefore, there is no federal question on which this Court can base jurisdiction.

Absent subject-matter jurisdiction, the case must be dismissed. The Court is sympathetic to Mr. Nixon's claims and encourages him to seek assistance through the Social Security Administration to recover his unpaid disability payments.

IT IS SO ORDERED this 21st day of September, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

[5] 28 U.S.C. § 1332.

[6] 28 U.S.C. § 1331.

[7] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[8] *Doe v. N. Homes, Inc.*, 11 F.4th 633 (8th Cir. 2021); *Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 584 (8th Cir. 2006).